# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:CR05CR274 |
| Plaintiff, | ) ) | |
| vs. | ) ) | AMENDED TENTATIVE FINDINGS |
| ELIGIO G. GONZALEZ-NOYOLA, | ) ) ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 136). The government has adopted the PSR. (Filing No. 131.) *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory. These tentative findings are issued in light of the Amended Order on Sentencing Schedule (Filing No. 135).

The Defendant objects to ¶ 32 (drug quantity and base offense level), and points out an inconsistency raised by ¶ 64. These issues are discussed below.

*Drug Quantity and Base Offense Level*

The plea agreement reflects the parties' agreement that the Defendant should be held responsible for at least 500 grams but less than 1.5 kilograms of methamphetamine, stating that this amount could be proved beyond a reasonable doubt. Under U.S.S.G. § 2D1.1(c)(4) this quantity results in the application of base offense level 32. The PSR states that the Defendant should be held accountable for 1.14 kilograms of methamphetamine and applies base offense level 32. Therefore, the Court's tentative

finding is that any objection to the drug quantity or the calculation by which the amount was obtained is denied.

The Defendant pointed out that language in ¶ 64 is inconsistent with the application of base offense level 32. The second sentence of ¶ 64 shall be stricken, and the third sentence in ¶ 64 shall be amended, if necessary, to reflect the accurate count numbers taken into consideration in calculating the drug quantity. These corrections shall be made prior to sending the PSR to the Bureau of Prisons. The Defendant's request that he be sentenced in accordance with the information in ¶ 64 is denied.

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Filing No. 136) are denied;

2. Paragraph 64 of the PSR shall be amended as discussed above prior to sending the PSR to the Bureau of Prisons;

3. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

4. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

6. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 8th day of November, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge